United States Bankruptcy Court
Northern District of New York

_____

In re: Barbara Bouchey,                    Case No. 10-12207

    Debtor.
                                            Individual Case under Chapter 11

_____


BARBARA BOUCHEY'S PLAN OF REORGANIZATION, DATED JULY 22, 2010

ARTICLE I

SUMMARY

　　　　This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Barbara Bouchey from her future income. This Plan provides for five classes of secured claims; two classes of unsecured claims; and no classes of equity security holders.  Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 2.5 cents on the dollar.  This Plan also provides for the payment of administrative and priority claims [if payment is not in full on the effective date of this Plan with respect to any such claim (to the extent permitted by the Code or the claimant's agreement), identify such claim and briefly summarize the proposed treatment.]

　　　　All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim.  A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.  Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

ARTICLE II

CLASSIFICATION OF CLAIMS AND INTERESTS

　　　　2.01    Class 1.        All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

Payment in full over the five year term of this Plan

    2.02    Class 2.    The claim of the all secured creditors, to the extent allowed as a secured claim under § 506 of the Code.

A. Ballston Spa National Bank which holds a first and second mortgage on the Debtor's residence (16 Silo Dr. Waterford NY) which is currently listed for sale by Scott Varley and will be sold as soon as practicable.

B. Suntrust which hold a first mortgage against 6 Washington Lane, Ballston Spa, NY

C. PHH Mortgage which holds a first mortgage against the 116 Pepperbush Place, Malta NY property

D. Charter One Bank which holds a second mortgage on the 6 Washington Lane property

E. The Debtor will continue the payments on her car loan with Saratoga National Bank and will reaffirm this debt on the original terms.

    2.03    Class 3.    All unsecured claims allowed under § 502 of the Code.

Class 3(a) General unsecured claim for debts incurred within 90 days of filing on June 11, 2010 will receive payment in full over the five year plan.

Class 3(b) General Unsecured claims not incurred within 90 days prior to June 11, 2010 will be paid to the amount of 2.5% of their claimed value. Plus any surplus funds from the sale of real estate and any additional funds from claims collections.

    2.04    Class 4 .

   Class of General Unsecured Disputed Claims
     This class will consist of any claims which are filed from parties not listed in the current Schedule F of the debtor or any claim which exceeds the amount listed for it by more than 5%

    Equity interests of the Debtor do not exist.


    ARTICLE III

    TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

    3.01    Unclassified Claims.  Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims.   Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims.   Each holder of a priority tax claim will be paid in full to the extent of the claim actually filed and allowed.

3.04 United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the confirmation date or the date of the confirmation order which ever is sooner.

ARTICLE IV

TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

Class 1 - Priority Claims
Unimpaired paid in equal monthly installments over five years.

Class 2 – Secured Claim of **Ballston Spa National Bank** paid in full from sale or surrender of property. Claim is not impaired.

Secured Claim of **Suntrust** paid in full from sale or surrender of property. Claim is not impaired.

Secured Claim of **PHH Mortgage** paid in full from sale or surrender of property. Claim is not impaired.

Secured Claim of **Charter One Bank** paid in full from sale or surrender of property. Claim is not impaired.

Secured Claim of **Saratoga National Bank** will be reaffirmed and paid pursuant to original terms. Creditor is not impaired

Class 3(a)

Class 3(a) will be paid in full in monthly installments in the allowed amount of the claim filled.

Class 3(b) will be paid in equal monthly installments not less then $650.00 a month or

2.5% plus the proceeds of any litigation in an amount not less then 2.5% of the amount due. Class 3(b) is impaired.

Class 4 (disputed claim) will receive no payment until a determination to allow the claim is made under Article V of this plan.

ARTICLE V

ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03   Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

ARTICLE VI

PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtor assumes the following executory contracts and/or unexpired leases effective upon the [Insert "effective date of this Plan as provided in Article VII," "the date of the entry of the order confirming this Plan," or other applicable date:

The lease of Great American Leasing in an office copier and fax machine.

(b)   The Debtor rejects all other executory contracts.

ARTICLE VII

MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor will fund the plan from personal services income.

ARTICLE VIII

GENERAL PROVISIONS

8.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:

8.02    Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Dated:

Respectfully submitted,

/s/ Barbara Bouchey

_____
Barbar Bouchey

/s/ Richard Croak

_____
Richard Croak
Attorney For Debtor
314 Great Oaks Blvd.
Albany, NY 12203
Tel 518-690-4410
fax 518-690-4435
rcroak@richardcroak.com